JMP:RTP

**M11-1019**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

CINTHIA PERALTA,

        Defendant.

- - - - - - - - - - - - - - - - - -X

C O M P L A I N T

(T. 21 U.S.C. § 846)

EASTERN DISTRICT OF NEW YORK, SS:

      SCOTT SALAMON, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

      Upon information and belief, on or about October 13, 2011, within the Eastern District of New York and elsewhere, the defendant CINTHIA PERALTA did knowingly, intentionally and unlawfully conspire to import into the United States from a place outside thereof a substance containing cocaine, a Schedule II controlled substance.

      (Title 21, United States Code, Section 846).

      The source of your deponent's information and the grounds for his belief are as follows:[1/]

---

    [1/]    Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1. On or about October 13, 2011, Customs and Border Protection ("CBP") officers conducting an examination of packages arriving at John F. Kennedy International Airport in Queens, New York from Ecuador on Copa Airlines Flight No. 804 discovered a brown cardboard box wrapped in a black shopping bag and taped with clear packing tape. The package was addressed to Tixi Tapia Elena Rocio, 192 25th, Brooklyn, NY.

2. CBP officers opened and inspected the contents of the package. They found a large, blue industrial thermos manufactured by ESTRA. Inside the thermos was dolce de leche. CBP officers probed the side of the thermos, which revealed a white powdery substance contained within the internal wall of the thermos that field-tested positive for cocaine. In total, the cocaine recovered from the thermos has an approximate gross weight of 1343 grams of cocaine.

3. The shipping label on the package was labeled "Sur Express S.A." Upon information and belief, Sur Express is a courier consignment store, which receives packages from South American countries and then distributes the packages from individuals who pick them up from Sur Express locations throughout the New York City area. The airway bill accompanying the package indicated that the package was to be delivered to the Sur Express store at 91-17 Roosevelt Avenue in Queens, New York.

4. After removing the cocaine and the dolce de leche from the thermos, on October 14, 2011, HSI agents brought the package to the Sur Express store at 91-17 Roosevelt Avenue.

5. On October 15, 2011, a young Hispanic female later identified as the defendant CINTHIA PERALTA arrived at the Sur Express store. The defendant presented an identification card with the name "Rocio E. Tixi" and requested the package. She was given the package and HSI agents observed her leaving the store with the package and entering a black livery cab parked in front of the store.

6. HSI agents followed the cab for approximately three blocks and then initiated a car stop.

7. The defendant CINTHIA PERALTA was taken out of the livery cab and arrested. After being advised of and waiving her Miranda rights, the defendant CINTHIA PERALTA admitted in substance and part that she believed that the package that she had picked up from the Sur Express store contained narcotics. She also admitted that she believed that she was going to be paid for picking up the package and that she would transfer half of her payment to an individual located in Ecuador who she believed was the source of the narcotics.

WHEREFORE, your deponent respectfully requests that the defendant CINTHIA PERALTA be dealt with according to law.

SCOTT SALAMON
Special Agent
Homeland Security
Investigations

Sworn to before me this
17th day of October, 2011